**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRISONTO RODAS-CALDERON, | No. 09-72280 |
| Petitioner, | Agency No. A072-978-471 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD Circuit Judges.

Crisonto Rodas-Calderon, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

The agency found Rodas-Calderon ineligible for asylum because he previously applied for asylum and that application was denied. *See* 8 U.S.C. § 1158(a)(2)(C). The record does not compel the conclusion that he established changed circumstances materially affecting his eligibility such that he was not barred from applying for asylum again. *See* 8 U.S.C. § 1158(a)(2)(D); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").

Substantial evidence supports the IJ's finding that Rodas-Calderon failed to demonstrate he was or would be persecuted on account of a protected ground. *See Parussimova*, 555 F.3d at 740-41. Accordingly, his withholding of removal claim fails. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Finally, substantial evidence also supports the IJ's adverse credibility determination based on the omission of the events leading up to Rodas-Calderon's

most recent departure from Guatemala. *See Shrestha*, 590 F.3d at 1040-44 (adverse credibility determination was reasonable under the Real ID Act's "totality of the circumstances"). And, because Rodas-Calderon fails to point to any other evidence that shows it is more likely than not he would be tortured if returned to Guatemala, his CAT claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**